IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

United States of America,

Plaintiff,

vs. Case No. 14-10045-JTM

Aaron Ramirez-Saucedo,

Defendant.

MEMORANDUM AND ORDER

On July 2, 2014, defendant Aaron Ramirez-Saucedo pled guilty to the crime of illegal reentry after deportation following an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). (Dkt. 18). On September, 24, 2014, he was convicted and sentenced to 46 months imprisonment. (Dkt. 22).

On October 14, 2014, the defendant, acting pro se, filed a Notice of Appeal. The court has now received a letter from defendant which it construes as a Motion for Extension of Time to Appeal. Also before the court are separate requests on behalf of the defendant for granting in forma pauperis status and for appointment of counsel. (Dkt. 28).[1]

[1] Defendant's retained trial counsel has moved to withdraw his continued representation, and the Court of Appeals has taken the request under advisement

The exact nature of defendant's recent letter to the court is unclear. In that letter, the defendant references a "a letter addressed from this Court Clerk ordering ro [sic] show cause in regard to the time to file a notice of appeal." No such communication was issued from the district court. The defendant further writes:

> Subsequently, the subject matter concerning the time to file my direct appeal was based on my attorney's failure as I personally requested it the same date that was sentenced. Following requests for disposition to the district court I found that there was never filed said notice of appeal. There was also unable contact him through phone calls nor he did respind my letters. Upon such reasons, I choosed to act pro se.

*Id*. [all sic].

As indicated earlier, the construes defendant's letter as a Rule 4(b)(4) Motion for Extension of Time to file an appeal, premised on a potential issue with respect to the timing of the Notice of Appeal. Under Fed.R.App.P 4(b)(1)(A)(i), Ramirez-Saucedo had 14 days to file the Notice of Appeal. However, his pro se Notice of Appeal was filed on the 20th day day after judgment.

Under Rule 4(b)(4), "[u]pon a finding of excusable neglect or good cause, the district court may — before or after the time has expired, with or without motion and notice — extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)."

Such an extension would be permissible here since the October 14th Notice of Appeal would fall within that 30 day extended period. "[A] trial court's finding as to the

---

pending this court's resolution of the Motion to Proceed. (Dkt. 31).w

presence or absence of 'excusable neglect' as that term is used in Fed. R.App. P. 4 should not be overturned by us on appeal unless there has been a clear abuse of discretion." *Gooch v. Skelly Oil*, 493 F.2d 366, 368 (10th Cir. 1974)." In deciding whether to grant such a motion, the court considers "'[1] the danger of prejudice to the [nonmoving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.'" *United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004) (quoting *Pioneer Investment Services v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993)).

Here, the court grants defendant's motion for extension, finding (1) that the delay of six days was not significant, (2) it does not appear that the government would be prejudiced by the delay if the appeal is permitted to proceed, (3) there is no indication of bad faith, and (4) as indicted in the Motion for Appointment, Ramirez-Saucedo has been moved out of the area and has not been able to communicate with local counsel.

As a person charged with and convicted of a felony, the defendant is entitled to representation pursuant to 18 U.S.C. § 3006A(a)(1)(A), (H), and (I). The additional requirements of the Prison Litigation Reform Act, 28 U.S.C. § 1915(a)(2), are inapplicable, because the defendant pursues a direct appeal of his criminal conviction, and thus is not "'[a] prisoner seeking to *bring a civil action* ***or*** *appeal a judgment* in a civil action or proceeding.'" *See Boling-Bey v. United States Parole Com'n*, 559 F.3d 1149, 1151-52 (10th Cir. 2009) (quoting and adding emphasis to PLRA). Further, direct criminal appeals are not

subject to testing for frivolousness, as required by the PLRA. *United States v. Osuna*, 141 F.3d 1412, 1415 (10th Cir. 1998). As noted in *Osuna*, the additional requirements for appointment of counsel in PLRA cases also "do not apply ... in direct criminal appeals." "It is ... well established that a criminal defendant enjoys [a] right to counsel through his first appeal." *Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1073 (7th Cir.1992).

In the present case, a Federal Public Defender entered a provisional appearance on behalf of the defendant. Subsequently, on April 4, 2014, the defendant filed a financial affidavit indicating his limited lack of funds. (Dkt. 6). However, before the court explicitly appointed any counsel on his behalf based upon a finding of indigency, alternative counsel entered his appearance, indicating that he had been retained to represent the defendant. (Dkt. 9).

The court finds on the basis of the defendant's previous affidavit that he is entitled to proceed in forma pauperis. Given the defendant's conviction, incarceration, and representation of present indigency (Dkt. 28 ¶ 3), the court finds no reason to believe his financial position has improved. Because defendant's retained counsel has a motion pending before the Tenth Circuit, and that court explicitly holds that motion under advisement pending resolution of the motion to proceed, this court hereby denies without prejudice that portion of the defendant's motion.

IT IS ACCORDINGLY ORDERED this 13th day of January, 2015, that the defendant's Motion to Extend Time (Dkt. 32) is granted; the defendant's Motion to Proceed and Appoint (Dkt. 28) is granted in part, and denied in part, as provided herein.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE