IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


UNITED STATES OF AMERICA,

    Plaintiff,


vs.                              Case No. 14-10045-JTM


AARON RAMIREZ-SAUCEDO,

    Defendant.


MEMORANDUM AND ORDER


The government charged defendant Aaron Ramirez-Saucedo with illegal re-entry after deportation subsequent to an aggravated felony conviction. (Dkt. 1). Ramirez-Saucedo pled guilty to the charge, and was sentenced to 46 months imprisonment. (Dkt. 22). The sentence imposed was the low end of the Sentencing Guidelines Range of 46 to 57 months.

Notwithstanding his explicit agreement to waive any appeal, the defendant subsequently filed both a Notice of Appeal (Dkt. 24) and, while the appeal was pending, a Motion to Vacate (Dkt. 37) his sentence. This court denied without prejudice the motion to vacate (Dkt. 39) in light of the appeal, which the Tenth Circuit subsequently rejected. (Dkt. 40).

Several motions are now before the court. Ramirez-Saucedo has submitted two

Motions to Vacate his sentence under 28 U.S.C. § 2255. In the first, he alleges that his counsel was ineffective in failing to advise him of his rights, challenge matters in the Presentence Report, assure the existence of a factual basis for his plea, or file a timely notice of appeal. The defendant subsequently filed a second motion, arguing that the court should not have found that a prior Arizona narcotics conviction was a "drug trafficking crime" for sentencing purposes. The government has moved to enforce the defendant's explicit agreement to waive any appeal in the action and to dismiss the § 2255 motions.

The court has reviewed the record and finds that this waiver was knowing and voluntary, and should be enforced in the present action. Ramirez-Saucedo submitted a Petition to Enter Plea of Guilty (Dkt. 17) which incorporated this explicit waiver. The transcript of the July 2, 2014 plea colloquy establishes that the court carefully and completely addressed the ramifications of the proposed plea, including the waiver of any right to appeal or collateral attack. The defendant fully understood the nature and effect of the waiver.

The resulting Plea Agreement executed by the defendant and entered into the record provides:

> 8. Waiver of Appeal and Collateral Attack. The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein including the length and conditions of supervised release. The defendant is aware that Title 18. U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to

> challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion brought under Fed. Rule of Civ. Pro 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs or varies upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).

(Dkt. 18).

As summarized earlier, Ramirez-Saucedo does not raise a claim of the ineffective assistance of counsel in the negotiation of the appeal waiver itself. Accordingly, the limited exception recognized in *Cockerham* and provided for in the Plea Agreement is inapplicable, and the court reviews the enforceability of the waiver under the standard identified in *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004). Under this standard, the court looks to "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice as we define herein." *Id.*

As indicated above, the facts establish that the plea and the waiver was were both knowingly and voluntarily made. There is no ambiguity as to the waiver or limitation on its scope — the defendant explicitly waived the right to challenge "any matter" relating to the case through "any ... appeal or collateral attack. The waiver explicitly incorporated a

challenge, such as that presented in defendant's second § 2255 motion, to the determination of his sentence under 18 U.S.C. § 3582.

Finally, no miscarriage of justice will arise from enforcement of the waiver. For present purposes, such a miscarriage may arise if (1) the court relied upon an impermissible factor such as race; (2) the defendant received ineffective assistance of counsel in plea negotiations, rendering the waiver invalid; (3) the sentence exceeded the statutory maximum; and (4) the waiver is otherwise unlawful. *Hahn*, 359 F.3d. at 1327. A sentence is otherwise unlawful if there is an error which seriously affects the fairness, integrity or public reputation of judicial proceedings. *Id.*

None of these factors is present here. The defendant was appropriately sentenced at the low end of the Guideline range, and the court finds that the 46 month sentence imposed reflects a fair and appropriate sentence in the matter.

IT IS ACCORDINGLY ORDERED this 6th day of January, 2017, that the defendant's Motions to Vacate (Dkt. 44, 46) are hereby denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE