IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

United States of America,

    Plaintiff,

vs.                                        Case No. 14-10045-JTM

Aaron Ramirez-Saucedo,

    Defendant.

MEMORANDUM AND ORDER

This matter is before the court on the defendant Aaron Ramirez-Saucedo's Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2). In support of his Section 3582(c)(2) argument, the defendant invokes Amendment 802 to the United States Sentencing Guidelines, which modifies certain sentences in the case of illegal re-entry.

However, the defendant in his Plea Agreement voluntarily agreed to waive all post-conviction challenges—specifically including the waiver of any challenges under Section 3582(c)(2). Given this knowing and effective waiver, the defendant's sentence was affirmed by the Tenth Circuit, and separately upheld by this court against a previous Motion to Vacate by the defendant. (Dkt. 49). The court explicitly determined that it "has reviewed the record and finds that this waiver was knowing and voluntary, and should be enforced

1

in the present action." (*Id*. at 2).

The government, in opposition to defendant's motion, has filed its own motion seeking to strike defendant's pleading as frivolous. Alternatively, the government argues the court should deny the motion in light of the court's previous order. (Dkt. 52).

Given the waiver in the plea agreement, the court need not address the potential applicability of Amendment 802.[1] Finding no reason to reach a different result, the court hereby denies defendant's Motion to Vacate (Dkt. 51) for the reasons stated in its Order of January 6, 2017. The government's motion (Dkt. 52) to strike is denied as moot.

IT IS SO ORDERED this 26th day of May, 2017.

        s/ J. Thomas Marten
        J. THOMAS MARTEN, JUDGE

---

[1] Courts which have adressed the issue have concluded that Amendment 802 is not retroactively applicable. *See, e.g.*, *United States v. Paulino*, No. 17-1035, 2017 WL 782325, at *1 (3d Cir. Feb. 28, 2017) ("[b]ecause Amendment 802 is not listed" among the enumerated retroactive amendments, "the District Court correctly concluded that it was not permitted to modify Paulino's sentence"); *United States v. Silvestre-Ortega*, No. 15-122 2017 WL 878209, *2 (E.D. Pa. March 6, 2017) ("[b]ecause the Sentencing Commission opted not to make Amendment 802 retroactive, the Court may not reduce [defendant]'s sentence under 18 U.S.C. § 3582(c)(2)").